WOODALL, Justice
(dissenting).
I agree with the majority that there is a split of authority regarding the scope of the United States Supreme Court’s holding in Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003). However, unlike the majority, I believe that the United States Court of Appeals for the Fifth Circuit correctly interpreted Lawrence in Reliable Consultants, Inc. v. Earle, 517 F.3d 738 (5th Cir.2008). Therefore, I respectfully dissent.
As recognized by the Fifth Circuit, Lawrence recognized as a constitutional right the “right to be free from governmental intrusion regarding ‘the most private human [conduct], sexual behavior.’ ” Reliable Consultants, 517 F.3d at 744 (quoting Lawrence, 539 U.S. at 567,123 S.Ct. 2472). This right of “adult consensual sexual intimacy in the home,” Lawrence, 539 U.S. at 564, 123 S.Ct. 2472, was grounded upon the “vital interests in liberty and privacy protected by the Due Process Clause of the Fourteenth Amendment.” Id.
In my opinion, § 13A-12-200.2, Ala. Code 1975, by generally banning the sale of sexual devices, “impermissibly burdens the individual’s substantive due process right to engage in private intimate conduct of his or her choosing.” Reliable Consultants, 517 F.3d at 744. More specifically, “[a]n individual who wants to legally use a safe sexual device during private intimate moments alone or with another is unable to legally purchase a device in [Alabama], which heavily burdens a constitutional right.” Id.
In upholding the constitutionality of § 13A-12-200.2, the majority embraces the reasoning and the holding of the United States Court of Appeals for the Eleventh Circuit in Williams v. Morgan, 478 F.3d 1316 (11th Cir.2007). Thus, according to the majority, Lawrence is not controlling because, it reasons, “the statute in Lawrence criminalized private sexual activity while the Alabama statute prohibits public, commercial activity.” 45 So.3d at 341. This, according to the majority, is important because “to the extent that Lawrence rejected public morality as a legitimate governmental interest, it invalidated only those laws that involved both private and noncommercial activity.” 45 So.3d at 341. In my opinion, the majority’s focus is unduly narrow and ignores the burden the statute places on private sexual activity. It is clear that United States “Supreme Court cases hold that ... restricting the ability to purchase an item is tantamount to restricting that item’s use.” Reliable Consultants, 517 F.3d at 743.
The majority finds it significant that “the Texas statute in Lawrence involved a discrete class of individuals [homosexuals] targeted for discrimination out of simple hostility, where no such class is targeted in the Alabama statute.” 45 So.3d at 341. In my opinion, this is a distinction without any significance. As the Fifth Circuit *347 Court of Appeals noted, the Supreme Court “explicitly rested its holding [in Lawrence] on substantive due process, not equal protection.” Reliable Consultants, 517 F.3d at 744.
COBB, C.J., concurs.